UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Armando Chavez Romero,

     Petitioner

v.

Todd Blanche, et al.,

     Respondents

Case No. 2:26-cv-01743-CDS-BNW

**Order Granting Motion for Leave and Motion to Withdraw as Counsel**

[ECF Nos. 6, 7]

  The Federal Public Defender moves ex parte and under seal to withdraw as counsel of record for petitioner Armando Chavez Romero. ECF No. 7. It also requests that the motion to withdraw remain sealed because it discusses the conflict of interest in more detail. ECF No. 6. Having reviewed the motion to withdraw and the reasons stated therein, I find that withdrawal is appropriate. I further find that the respondents will not be prejudiced and that withdrawal will not cause unreasonable delay. Although compelling reasons to maintain the seal are not present, there is good cause to do so. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing . . . will suffice to keep sealed records attached to non-dispositive motions.").

### Conclusion

  It is hereby ordered that the petitioner's motion to seal **[ECF No. 6]** and ex parte motion to withdraw as counsel of record **[ECF No. 7] are GRANTED**.

  This matter is referred to the CJA Coordinator for the appointment of counsel. After appointed counsel files a notice of appearance in this matter, it will then have 14 days to file either

(1) an amended petition or (2) a motion to dismiss the petition. Counsel must effectuate service of the amended petition, if one is filed, on the respondents.[1]

The Clerk of Court is kindly instructed to maintain the seal on ECF No. 7.

Dated: June 25, 2026

_____
Cristina D. Silva
United States District Judge

---

[1] Should the petitioner file an amended petition, the respondents are ordered to file a response within fourteen days of being served with the amended petition. The petitioner will have five days to file a reply. In filing a response, the respondents must also provide a copy of any and all of the following (if applicable): (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, federal respondents may **CERTIFY** that any of these listed documents are not in their custody or control.