UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Armando Chavez Romero,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-01743-CDS-BNW<br>**Order Granting Amended Petition for Writ of Habeas Corpus**<br>[ECF No. 13] |

Petitioner Armando Chavez Romero is a citizen of Mexico who is currently in the custody of the United States Immigration and Customs Enforcement (ICE).[1] Pet.'s Ex. A, ECF No. 13-1 at 2–3. He filed an amended petition for a writ of habeas corpus requesting his release on two grounds: (1) he did not receive due process for revocation of his Order of Supervision in violation of 8 C.F.R. § 241.13(i) and (2) the federal respondents have not provided a valid reason to extend the statutory removal period under 8 U.S.C. § 1231. Pet., ECF No. 13 at 4–8. He also seeks an order enjoining the respondents from removing him to a third country without first providing him with adequate notice of their intent to seek third-country removal and an opportunity to seek to reopen his immigration court proceedings to seek fear-based relief from removal. *Id.* at 9–11.

The federal respondents did not file a response and instead filed a notice of non-opposition as to Chavez Romero's request for an order enjoining third-country removal absent an opportunity to contest that removal and present any fear-based claims. Notice, ECF No. 20. The notice also states that the federal respondents "do not intend th[eir] non-opposition to concede a challenge to any potential future detention pursuant to § 1226, § 1231, or any other detention authority outlined in the [Immigration and Nationality Act] should removal

[1] I refer herein to all named respondents collectively as "the respondents."

proceedings be re-initiated or a removal order be entered against the Petitioner." *Id.* at 1–2. However, the notice is silent as to Chavez Romero's request for release from detention.

In his reply, Chavez Romero argues that not only do the federal respondents explicitly consent to the order enjoining third-country removal absent due process, but they implicitly consent to his request for release because the deadline to file a response has passed and they only state that their notice is not a concession regarding future detention. Reply, ECF No. 22.

I agree that the federal respondents consent to the granting of Chavez Romero's petition. First, the federal respondents' notice explicitly states they are not opposed to the court "enter[ing] an order enjoining the government from removing [Chavez Romero] to Ecuador, unless and until he is provided with an opportunity to contest his deportation to Ecuador and present any fear-based claims." ECF No. 20 at 1. Second, while the notice does not explicitly state that the federal respondents are unopposed to Chavez Romero's request for release, the federal respondents did not address Chavez Romero's claims on the merits nor argue why he should not be released. In this district, "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). I therefore grant Chavez Romero's petition as unopposed. *See Ramirez v. Knight*, 2026 WL 2676818, at *1 (D. Nev. Sep. 11, 2026) (granting a petition for writ of habeas corpus and ordering the petitioner released when the federal respondents did not address the petitioner's claims on the merits and instead filed a notice of non-opposition as to only the petitioner's alternative request for an individualized bond hearing); *Nazarian v. Noem*, 2026 WL 1911843, at *2 (C.D. Cal. May 26, 2026) (granting a petition for writ because, among other reasons, the federal respondents did not file a response); *Aldama v. Mullin*, 2026 WL 962657, at *1 (S.D. Cal. Apr. 9, 2026) (granting release when the federal respondents filed a notice of non-opposition as to the petitioner's request for a bond hearing); *Lopez v. Bondi*, 2026 WL 811385, at *2 (D. Nev. Mar. 24, 2026) (granting a motion to return a petitioner to this district when the federal respondents did not file a response to that motion). Indeed, I have "equitable discretion" "as law and justice

require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted). Here, release is the appropriate remedy because Chavez Romero has a strong liberty interest to be free from arbitrary detention, and the government has not opposed his petition. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992).

## Conclusion

IT IS THEREFORE ORDERED that petitioner Armando Chavez Romero's amended petition for a writ of habeas corpus **[ECF No. 13] is GRANTED**.

IT IS FURTHER ORDERED that the respondents must release petitioner Armando Chavez Romero from the custody of the Nevada Southern Detention Center by Friday, October 16, 2026, no later than 3:00 p.m. The respondents must transport Chavez Romero to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Chavez Romero's counsel of the estimated time of release in advance of that release for coordination purposes.

IT IS FURTHER ORDERED that Chavez Romero is placed under the *same* order of supervision that was in place before he was detained in April 2026. The federal respondents must not impose release conditions that substantially interfere with Chavez Romero's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

IT IS FURTHER ORDERED that that the respondents return all of Chavez Romero's personal property to him upon his release.

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of his release no later than Monday, October 19, 2026, at 5:00 p.m.

IT IS FURTHER ORDERED that the respondents may not re-detain Chavez Romero during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate.

IT IS FURTHER ORDERED that if Chavez Romero is going to be re-detained, the federal respondents must give him adequate notice of the detention hearing.

IT IS FURTHER ORDERED that if the respondents desire to remove Chavez Romero to a third county, they must (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen. *See Sarkisov v. Blanche*, 2026 WL 949019, at *6 (D. Nev. Apr. 8, 2026).

Dated: October 13, 2026

_______________________________
Cristina D. Silva
United States District Judge